# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ruperto Sanchez Bermudez,<br><br>Petitioner,<br><br>-v-<br><br>Kristi Noem, in her capacity as Secretary for the United States Department of Homeland Security; Pamela Bondi, in her official capacity as the Attorney General of the United States; and William Joyce, Field Office Director of New York, Immigration and Customs Enforcement, in his official capacity,<br><br>Respondents. | 2:26-cv-678<br>(NJC) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

On February 6, 2026, Ruperto Sanchez Bermudez filed this Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). (Petition for Writ of Habeas Corpus, ECF No. 1.) The Petition argues that ICE's detention of Mr. Sanchez Bermudez without notice and opportunity to be heard since February 6, 2026 violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and 8 U.S.C. § 1226(a) ("Section 1226(a)"). The Petition seeks the following relief: (1) a writ of habeas corpus requiring Respondents to immediately release Mr. Sanchez Bermudez; (2) a declaration that ICE's detention of Mr. Sanchez Bermudez violates the Due Process Clause of the Fifth Amendment, Section 1226(a), and the

Administrative Procedure Act;[1] (3) an order requiring Respondents to provide Mr. Sanchez Bermudez a pre-deprivation hearing with 48-hours advanced notice before any attempt is made to remove him from the United States; (4) reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and (5) any other such relief as the Court deems just and proper. For the reasons explained below, the Petition is GRANTED in part.

Respondents are federal government officials named in their official capacities: (1) Kristi Noem, in her capacity as Secretary for the U.S. Department of Homeland Security ("DHS"); Pamela Bondi, in her official capacity as the Attorney General of the United States; and (3) William Joyce, in his official capacity as Field Office Director of the New York, Immigration and Customs Enforcement ("ICE"). (*See* Pet.)

"While reserving all rights, including the right to appeal," Respondents acknowledge in a letter filed in lieu of a formal brief on February 9, 2026 that although Respondents "respectfully disagree[] with the Court's decisions in *Rodriguez-Acurio*, *Covelli-Chaparro*, [*Valdez*] *Acevedo*, [*Munoz*] *Caraguay*, and [*Aguinaga*] *Castellon*, the government acknowledges that the decisions would control the result in this case." (Resp. to Order to Show Cause ("Resp.") at 2, ECF No. 10.) As a result, Respondents assert "no objection to the Court deciding the petition on the papers in lieu of a hearing" and instead rely on and incorporate by reference the arguments they made to this Court in response to a habeas petition by another ICE detainee in *Rodriguez-Acurio v. Almodovar*, No. 25-cv-6065 (E.D.N.Y.), ECF No. 21. (Resp. at 2.)

---

[1] Although Mr. Sanchez Bermudez seeks a declaration that his detention violates the Administrative Procedure Act ("APA"), he does not assert a cause of action for violation of the APA, nor does he brief this issue.

2

Respondents argue that ICE's detention of Mr. Sanchez Bermudez falls under 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which governs the mandatory detention of certain noncitizens who are "seeking admission" to the United States. (Resp. at 2–3.) According to Respondents, Section 1225(b)(2) requires Mr. Sanchez Bermudez's detention, and he has no right to any additional process under the Due Process Clause. Respondents' position is that any noncitizen who entered the United States without authorization at any time is subject to detention under Section 1225(b)(2), notwithstanding the fact that they have been residing in the interior of the country for months, if not years.

Respondents are incorrect for the reasons explained by this Court in *Rodriguez-Acurio v. Almodovar*, __ F. Supp. 3d __, No. 25-cv-6065, 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025), *appeal docketed*, No. 26-219 (2d. Cir. Feb. 2, 2026), and that decision is incorporated by reference in its entirety in this Order.

Detention under Section 1225(b)(2) only applies to noncitizens who, among other things, are "seeking admission" to the United States. *Id*. at *22.  Here, Mr. Sanchez Bermudez is not "seeking admission" because he clearly is not presenting himself at the border and was not recently apprehended just after entering this country. Rather, at the time that ICE detained him, Mr. Sanchez Bermudez had been living in the interior of the United States since around July 2003. (Pet. ¶ 2.) During his more than two decades of residence in this country, he has dutifully paid taxes and has two U.S citizen children and a wife living with him here in the United States and a pending application for T nonimmigrant status based on "extreme cruelty and abuse he endured from his employer." (Pet. ¶¶ 26–27, 30–31.)

Respondents offer no new arguments to support their position that *any* non-citizen apprehended in the interior of the United States is subject to mandatory detention under Section

3

1225(b)(2). (*See* Resp.)² The vast majority of courts throughout this District, Circuit, and even the country have rejected Respondents' expansive interpretation of Section 1225(b)(2). *See Barco Mercado v. Francis*, __ F. Supp. 3d __, No. 25-cv-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) ("[T]he administration's new position that *all* noncitizens who came into the United States illegally, but since have been living in the United States, *must be detained* until their removal proceedings are completed—has been challenged in at least 362 cases in federal district courts. The challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States.").

The Second Circuit has not addressed whether Section 1225(b)(2) requires the detention of any non-citizen encountered by ICE in the interior of the United States, although several cases raising this issue are on appeal.³ The Seventh Circuit recently suggested that Section 1225(b)(2)

---

² Although Mr. Sanchez Bermudez acknowledges that he has "one conviction for harassment from 2010 and one for driving without a license in 2008," Respondents do not distinguish *Rodriguez-Acurio* on these grounds, nor do they assert that Mr. Sanchez Bermudez's detention is governed by 8 U.S.C. § 1226(c) ("Section 1226(c)"). (*See* Pet. ¶ 29.) Any such argument would also be unpersuasive. Section 1226(c) mandates detention for commission of certain offenses, including crimes of moral turpitude and offenses relating to controlled substances. *J.U. v. Maldonado*, No. 25-cv-04836, 2025 WL 2772765, at *8 (E.D.N.Y. Sept. 29, 2025). It also mandates detention when a noncitizen in removal proceedings "is charged with," "is arrested for," "is convicted of," "admits committing," or "admits having committed" "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." *Rueda Torres v. Francis*, No. 25-cv-8408, 2025 WL 3168759 at *5 (S.D.N.Y. Nov. 13, 2025). Neither of the offenses for which Mr. Sanchez Bermudez was convicted in 2008 and 2010 fall within the provisions of Section 1226(c).

³ *See, e.g.*, *Cunha v. Moniz*, 6:25-cv-6532 (W.D.N.Y. Nov. 25, 2025), *appeal docketed,* No. 25-3141 (2d. Cir. Dec. 12, 2025); *Chen v. Almodovar*, 1:25-cv-8350 (S.D.N.Y. Dec. 4, 2025), *appeal docketed*, No. 25-3169 (2d. Cir. Dec. 17, 2025); *Candido v. Bondi*, No. 1:25-cv-867 (W.D.N.Y. Dec. 4, 2025), *appeal docketed*, No. 25-3159 (2d. Cir. Dec. 17, 2025).

4

does not apply to noncitizens who are already residing in the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).[4] The Fifth Circuit recently reached the opposite conclusion. *Buenrostro-Mendez v. Bondi*, __ F. Supp. 3d __, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

This Court has conducted its own careful assessment of the law and the facts. In the absence of Second Circuit precedent to the contrary, this Court continues to conclude, as set forth in detail in *Rodriguez-Acurio*, that Respondents' position that Section 1225(b)(2) requires the detention of a non-citizen apprehended in the interior of the United States notwithstanding the fact that the non-citizen has continuously resided in this country for months, if not years, is unsupported by the statutory text.

Moreover, nothing in the record shows that ICE arrested and detained Mr. Sanchez Bermudez under Section 1225(b)(2) rather than Section 1226(a). *See* ECF No. 10-1 (reflecting that Mr. Sanchez Bermudez was arrested on a warrant pursuant to "sections 236 and 287 of the Immigration and Nationality Act and part 287 title 8, Code of Federal Regulations," which correspond to 8 U.S.C. §§ 1226 and 1357 and 8 C.F.R. §§ 287.1–287.12, not 8 U.S.C. § 1225(b)(2)). Respondents first invoked Section 1225(b)(2) as the basis for Mr. Bermudez

---

[4] In *Castanon-Nava*, the Seventh Circuit reasoned:

> [T]he mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)."

161 F.4th at 1061 (emphasis in original, quoting *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)).

5

Sanchez's detention in the course of this litigation. (*See* Resp. at 2.) The Supreme Court has recognized that a "post-hoc rationalization" first articulated in litigation carries little weight. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal*, 591 U.S. 1, 21 (2020) (quoting *Citizens to Preserve Overton Park, Inc., v. Volpe*, 401 U.S. 402, 420 (1971)); *see also Islander E. Pipeline Co., LLC v. Connecticut Dep't of Env't Prot.*, 482 F.3d 79, 95 (2d Cir. 2006) ("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself."). As courts in the Southern District of New York have recognized, "the Court cannot credit Respondents' new position as to the basis for [petitioner's] detention, which was adopted post hoc and raised for the first time in this litigation." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025); *see also Yao v. Almodovar*, No. 25-cv-9982, 2025 WL 3653433, at *4 (S.D.N.Y. Dec. 17, 2025) (discrediting respondents' post-hoc justification for petitioner's detention and finding that "ICE is properly held to its representation, *when it detained* [petitioner], as to the legal basis for that action" (emphasis added)); *see Rueda Torres v. Francis*, No. 25-cv-8408, 2025 WL 3168759 (S.D.N.Y., 2025 Nov. 13, 2025) (slip copy) (same). Accordingly, ICE's detention of Mr. Sanchez Bermudez is governed by the discretionary detention framework set forth in a different provision of the Immigration and Nationality Act, 8 U.S.C. § 1226(a). For the reasons explained in *Rodriguez-Acurio*, which are incorporated by reference here, Mr. Sanchez Bermudez has a liberty interest in being free from detention that is afforded procedural due process protection, notwithstanding Respondents' invocation of *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), and other cases. Resp. at 2; *see also Rodriguez-Acurio*, 2025 WL 3314420, at *25–27 (finding that petitioner's situation is distinguishable from *Thuraissigiam* and that petitioner has a liberty interest that is afforded

procedural due process protection).[5] ICE's detention of Mr. Sanchez Bermudez without notice and opportunity to be heard infringes on that liberty interest and triggers the right to procedural due process.

The balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), applies to procedural due process claims and requires this Court to consider: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Applying this balancing test, Respondents' detention of Mr. Sanchez Bermudez since February 6, 2026 violates his Fifth Amendment rights to procedural due process for the same reasons as those set forth in *Rodriguez-Acurio*.

Here, ICE's detention of Mr. Sanchez Bermudez without any notice or opportunity to be heard infringes on "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020). Moreover, there is a high risk of erroneous deprivation through the procedures used to detain Mr. Sanchez Bermudez because Respondents failed to provide *any* notice or any opportunity to be heard before a Department of Homeland Security officer or immigration judge before ICE detained him on February 6, 2026. (*See* Pet. ¶ 28; ECF No. 10-1 ¶ 11–12.) Finally, Respondents fail to address any of the *Matthews v. Eldridge* factors, much less any government interests advanced by ICE's detention of Mr. Sanchez Bermudez without notice or an opportunity to be heard. Although

---

[5] Although the Respondents do not discuss *Thuraissigiam* in any way, because they incorporate their legal brief filed in opposition to the petition in *Rodriguez-Acurio*, this Court assumes they seek to rely on it.

7

the Attorney General may have a legitimate government interest in ensuring the appearance of noncitizens at immigration proceedings and preventing danger to the community, there is absolutely nothing in the record showing that Mr. Sanchez Bermudez presents a flight risk or danger to the community. To the contrary, Mr. Sanchez Bermudez has been living in the United States since approximately July 2003, has dutifully paid his taxes, and has timely appeared for immigration hearings, except where his attorney sought an adjournment of such hearings due to attorney unavailability. (ECF No. 10-1 ¶¶ 5–10; Pet. ¶ 30.)[6]

Accordingly, weighing all of the *Mathews v. Eldridge* factors—the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to demonstrate that Mr. Sanchez Bermudez's detention was required to advance any legitimate government interest in preventing danger to the community or ensuring appearance at removal proceedings—Respondents' detention of Mr. Sanchez Bermudez with no notice or opportunity to be heard violates his Fifth Amendment rights to procedural due process. Thus, ICE's detention of Mr. Sanchez Bermudez was unlawful from its inception, notwithstanding Respondents' efforts at post-hoc rationalization based on its expansive interpretation of Section 1225(b)(2).[7] Upon

---

[6] Although Mr. Sanchez Bermudez has "one conviction for harassment from 2010 and one for driving without a license in 2008," Respondents do not argue that convictions make him a safety risk. (Pet. ¶ 29.) Moreover, Mr. Sanchez Bermudez "has had no negative encounters with the law in the over 15 years following his last arrest." (*Id.*)

[7] Although Respondents do not explicitly invoke 8 U.S.C. § 1225(b)(1) as the basis for ICE's detention of Mr. Sanchez Bermudez, that provision is plainly inapplicable to him. Mr. Sanchez Bermudez is not subject to mandatory detention pending expedited removal as an "arriving alien" under Section 1225(b)(1)(A)(i). *See Rodriguez-Acurio*, 2025 WL 3314420, at *19. Nor do Respondents even argue, much less show, that he falls within any category of non-citizens who are designated by the Attorney General or their delegate as eligible for mandatory detention pending expedited removal under the statute's Designation Provision, 8 U.S.C § 1225(b)(1)(A)(iii). *See id*. at *15. Accordingly, ICE's detention of Mr. Sanchez Bermudez

finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C §§ 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). In *Rodriguez-Acurio*, this Court provided the legal basis for ordering release from ICE detention as well as limited injunctive relief enjoining Respondents from invoking Section 1225(b) as the basis for subjecting a non-citizen habeas petitioner to mandatory detention, absent a change in relevant circumstances. *See Rodriguez-Acurio*, 2025 WL 3314420, at *31–32.

For those same reasons, in this action, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, necessitates both the immediate release of Mr. Sanchez Bermudez from ICE custody and narrow injunctive relief guarding against re-detention in violation of this Court's determination that Mr. Sanchez Bermudez is not subject to mandatory detention under Section 1225(b). As in *Rodriguez-Acurio*, the limited grant of injunctive relief to guard against re-detention by ICE without a bond hearing on the basis of Section 1225(b)(2) absent a change in relevant circumstances falls within the "core of habeas," *Thuraissigiam*, 591 U.S. at 119, because it is necessary to ensure that the release of Mr. Sanchez Bermudez is not rendered meaningless.

## CONCLUSION

Accordingly, for all of these reasons explained in this Memorandum and Order and those set forth in *Rodriguez-Acurio*, the Petition is granted in part. Respondents must first coordinate Mr. Sanchez Bermudez's release information with his counsel and afterwards release Mr.

---

since February 6, 2026, is pursuant to the discretionary detention scheme of Section 1226(a), not the mandatory detention scheme of either Section 1225(b)(2) or Section 1225(b)(1).

Sanchez Bermudez by 10:30 a.m., tomorrow, February 10, 2026. Respondents shall confirm compliance with these directives in a filing on the docket by noon on February 10, 2026. Additionally, pending the issuance of any final removal order against Mr. Sanchez Bermudez, Respondents are enjoined from denying Mr. Sanchez Bermudez bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances consistent with this Order.

At this time, the Court reserves ruling on the request for attorneys' fees and costs under the Equal Access to Justice Act set forth in the Petition. Mr. Sanchez Bermudez may file an application for attorneys' fees and costs incurred in pursuing this action by May 10, 2026. Likewise, Mr. Sanchez Bermudez has not shown that the Court has jurisdiction to grant relief in the form of an order requiring Respondents to provide Mr. Sanchez Bermudez a pre-deprivation hearing with 48-hours advanced notice before any attempt is made to remove him from the United States. (*See* Pet. at 37.) Therefore, Mr. Sanchez Bermudez must file a letter by February 16, 2026, notifying the Court whether he continues to seek such relief and whether such relief must be sought through a separate civil action for injunctive relief.

The Court concludes that the other arguments set forth in the Petition for granting Mr. Sanchez Bermudez the requested relief, including arguments that the detention violates the Fifth Amendment right to substantive due process, are now moot and unnecessary to resolve.

Dated: Central Islip, New York
      February 9, 2026

                                            */s/ Nusrat J. Choudhury*
                                            NUSRAT J. CHOUDHURY
                                            United States District Judge